[Philadelphia, February 6, 1836.]

## CAMMANN *against* HIND.

Affidavits to hold to bail made by the plaintiff (residing in New York,) and his clerk in Philadelphia, which set forth that the defendant was indebted to the plaintiff in a certain sum, "part of which" was for money lent and advanced by the plaintiff to the defendant, and "the rest of the principal sum" was due "for the balance which the defendant owes the plaintiff on settlement, in transactions in which the plaintiff, by the the defendant's request, and as his agent, made purchases and sales for the defendant, but in the plaintiff's name, by which he stands indebted to third persons, and the defendant is indebted to him in the said sum; the precise amount and extent of which balance cannot be stated ·now, because the defendant suddenly left New York, without coming to any settlement &c.," and that the defendant, on being required to pay, did not deny the debt or the amount: *held* to be sufficient.

An action on the case was brought by Frederick W. Cammann against Edward Hind, to March Term, 1836, of this Court, and bail demanded in $30,000.

A rule to show cause of action and why the defendant should not be discharged on common bail, having been obtained, returnable this day; the following affidavits were now produced on the part of the plaintiff:

" City and County of New York, ss.

Frederick W. Cammann being duly sworn, saith that Edward Hind of the United Kingdom of Great Britain and Ireland, is justly

(Cammann v. Hind.)

and truly indebted to deponent, for money paid, laid out, and expended for the use of said Hind, and for services, and stock in incorporated companies, actually transferred at the instance and request of said Hind, in the sum of thirty thousand dollars or thereabouts, as this deponent has not been able at this time to ascertain the amount of such indebtedness within a dollar, but that the same is very near such amount over or under.

Fred. W. Cammann."

"Henry Meigs of the City of New York, attorney in fact of Frederick W. Cammann, plaintiff above-named, on oath declares, that Edward Hind defendant, held to bail in this action, is justly and truly indebted to said plaintiff, in the sum of twenty-five thousand dollars and upwards, without reckoning interest; part of which sum is due for money lent and advanced by the said plaintiff to the said defendant at his request, and the rest of the said principal sum is due for the balance which the said defendant owes the said plaintiff on settlement of accounts, in transactions, in which the plaintiff, by the defendant's request and as his agent, made purchases and sales for the defendant, but in the plaintiff's name, by which he stands indebted to third persons, and the defendant is indebted to him in the said sum, the precise amount and extent of which balance cannot be stated now, because the defendant a few days ago suddenly left the city of New York, where he was a resident, without coming to any settlement with the plaintiff. Deponent being a clerk in plaintiff's counting house, was therefore despatched by him to follow defendant to Philadelphia with power of an attorney to bring him to a settlement. While in plaintiff's counting house, deponent was privy to the transactions and dealings between plaintiff and defendant, and the latter's indebtedness to the former, as aforesaid, is within deponent's personal and actual knowledge. On his arrival in Philadelphia, deponent waited on defendant, and required him to pay from fifteen to twenty thousand dollars, on account of what defendant owes plaintiff. Defendant did not deny the debt or the amount, but said that he had not the means of paying it; whereupon, deponent caused him to be held to bail in this action. Deponent further adds, that defendant is a foreigner, not a citizen of the United States, nor likely to remain in this country, now transiently in Philadelphia, having suddenly left New York as aforesaid, where he has resided about two years last past; that, as deponent understands and believes, defendant has credit for considerable means in England; where he comes from that if held to bail in this action there is a probability, but if not held to bail in it, there is no probability of plaintiff's recovering the debt due to him, by the defendant as aforesaid.

H. Meigs, Jun."

(Cammann *v.* Hind.)

Mr. *Brashears* for the defendant, objected that these affidavits did not bring the case within the 5th section of the 4th Rule of this Court, which requires " a positive affidavit of a real subsisting debt." The plaintiff declares in his affidavit that he has not been able to ascertain the exact amount of the indebtedness, nor does he distinguish, as he ought to have done, between his claim for money paid, &c., and that arising from stock transactions. The latter are too vaguely stated in both affidavits to authorise a holding to bail. The liabilities to third persons mentioned in the affidavit of the clerk, ought to have been particularly set forth ; besides, the affidavits are in a measure contradictory, since the first speaks of services rendered, and the last confines the claim to money lent and advanced, and liabilities to third persons for purchases and sales of stock.

But, by THE COURT, (without hearing Mr. *C. J. Ingersoll,* for the plaintiff.) These affidavits taken together make out a sufficient case, to justify us in refusing bail. It is not necessary to spread out the particulars of the indebtedness, in an action like the present. Besides, it appears that the defendant has acknowledged himself to be indebted to the plaintiff in a sum, which authorises the bail demanded.

Rule discharged.